UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARK WASHINGTON,

    Plaintiff,

vs.

GREGORY BUSH,

    Defendant.

Case No. 3:24-cv-285

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS (Doc. No. 2); AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Mark Washington brings this case *pro se* requesting a civil stalking protection order under Ohio law against his United States Postal Service ("USPS") supervisor, Defendant Gregory Bush. Doc. No. 4 at PageID 29-31.

The case is before the Court on Defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. Doc. No. 2. The Court informed Plaintiff about Defendant's motion to dismiss and provided him with a deadline to respond to Defendant's motion. Doc. No. 3. The Court warned, "[i]f you fail to file a timely response to Defendant Gregory Bush's motion to dismiss, [Defendant's] motion may be granted and your claims against [Defendant] may be dismissed." *Id.* at PageID 25. Plaintiff did not file a response. Thus, the unopposed motion is ripe for review.

**I.**

On October 7, 2024, Plaintiff filed a petition for civil stalking protection in Montgomery County, Ohio Common Pleas Court against Defendant, Plaintiff's USPS supervisor. Doc. No. 4 at PageID 29-32. In the petition, Plaintiff alleges Defendant acted in an aggressive manner twice at

work, and Plaintiff feels Defendant "is trying to get [him] fired." *Id.* at PageID 30. Plaintiff does not allege Defendant engaged in any aggressive behavior outside the workplace. *See id.* Montgomery County Common Pleas Court Magistrate Judge Jeannie Myers conducted an ex parte hearing, during which she denied Plaintiff's request for an ex parte emergency order and set the matter for a full hearing. *Id.* at PageID 26.

On October 29, 2024, before the next full hearing in state court, Defendant removed this matter to federal court under 28 U.S.C. § 1442(a)(1), asserting this case relates to his federal managerial employment. Doc. No. 1; 28 U.S.C. § 1442(a)(1) ("A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court . . . [including] any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office"). Defendant then filed a motion to dismiss for lack of subject-matter jurisdiction. Doc. No. 2. Plaintiff failed to respond, and the time to do so has passed.

## II.

Rule 12(b)(1), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the motion to dismiss stage, "[t]he Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### III.

#### A. Lack of Subject-Matter Jurisdiction

A defendant may file a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Courts apply two different standards for a 12(b)(1) motion depending on whether Defendant makes a facial or factual challenge to subject-matter jurisdiction. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017). A facial attack "questions merely the sufficiency of the pleadings" and requires a district court to take the allegations in the complaint as true. *Id.* (internal citations omitted). A factual attack "raises a factual controversy." *Id.* at 817 (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). This requires a district court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.*

Where a state court lacks subject-matter jurisdiction, the federal court to which the case is removed also lacks subject-matter jurisdiction under a doctrine known as "derivative jurisdiction doctrine." *Fed. Home Loan Mortg. Corp. v. Gilbert*, 656 Fed. App'x 45, 49 (6th Cir. 2016) (quoting *W. & S. Life Ins. Co. v. Smith*, 859 F.2d 407, 409 n.4 (6th Cir. 1988)). Congress abolished this doctrine for cases removed under 28 U.S.C. § 1441. 28 U.S.C. § 1441(f) (limiting the rule to "a civil action . . . removed under this section"). However, the doctrine still applies to cases, like this one, where a federal officer removes under 28 U.S.C. § 1442. *Hargrave v. Hollyfield*, No. 3:21-CV-266, 2022 WL 1174988, at *2 (S.D. Ohio Apr. 20, 2022).

Under long-settled law, the United States, its agencies, and its officers in their official capacity enjoy sovereign immunity from suit unless Congress specifically waives that immunity. *United States v. Miller*, 604 U.S. ---, 145 S. Ct. 839, 852 (2025) (quoting *Fin. Oversight & Mgmt. Bd. for P. R. v. Centro de Periodismo Investigativo, Inc.*, 598 U.S. 339, 342 (2023)); *United States v. Bormes*, 568 U.S. 6, 9 (2012); *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012) (collecting cases). "Sovereign immunity

is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). This immunity extends to an agency's officers acting in their official capacity. *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (citing *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir.1993)).

"There is no indication that any law passed by Congress waived the USPS' sovereign immunity to allow a state court to issue a civil protection order that restricts a USPS employee's activity in the workplace." *Hargrave*, 2022 WL 1174988, at *2 (collecting cases). So too here. Accordingly, the Court finds that USPS, and by extension Defendant, is immune from suit in this case, and this Court lacks subject-matter jurisdiction. *See id.* As such, the Court **GRANTS** Defendant's motion to dismiss.

### B. Waiver

Even assuming, *arguendo*, the Court had jurisdiction, Plaintiff waived his opposition to Defendant's motion to dismiss. "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss); *see also Humphrey v. U.S. Att'y Gen.'s Off.*, 279 Fed. App'x 328, 331 (6th Cir. 2008).

Here, even after the Court notified Plaintiff of his need to respond to Defendant's motion to dismiss, Plaintiff failed to respond. Doc. No. 3. Accordingly, Defendant's unopposed motion merits granting on this independent basis.

### IV.

For the reasons stated, Defendant's motion to dismiss is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED**, and this case is **TERMINATED** on the docket.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby **CERTIFIES** to the United States Court of Appeals for the Sixth Circuit that an appeal by Plaintiff would be frivolous and not taken in good faith. Consequently, Plaintiff should not be permitted to proceed *in forma pauperis* on appeal, and the Court **DENIES** Plaintiff a certificate of appealability.

**IT IS SO ORDERED.**

May 16, 2025                                       s/*Michael J. Newman*
                                                              Hon. Michael J. Newman
                                                              United States District Judge